IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Selective Insurance Company of America, | ) |
| | ) Civil Action No.:4:18-cv-00468-RBH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Raymond Wacha and Alphonso Dudley; | ) |
| Defendants. | ) |

Plaintiff Selective Insurance Company of America ("Selective") is in the business of providing commercial insurance coverage to its customers. On February 19, 2018, Selective filed a Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure. Selective seeks a declaration from this Court that Selective's liability exposure in an underlying state court lawsuit is limited to $25,000.00, the statutory minimum limits for automobile bodily injury liability under S.C. Code Ann. § 38-77-140. Jurisdiction in this matter is premised upon 28 U.S.C. § 1332. Defendants in this case were served with the Summons and Complaint. [ECF #5; ECF #14-1]. Defendant Wacha did not file a responsive pleading within the time allowed for under the Federal Rules of Civil Procedure.[1]

Presently before this Court is Selective's Motion for Default Judgment against Raymond Wacha [ECF #24], as well as Selective's Motion for Summary Judgment. [ECF #25]. Defendant Wacha did not file an Answer, and an Entry of Default as to Wacha was entered in this case.

---

[1] On March 8, 2018, Defendant Alphonso Dudley filed an Answer wherein he also raises several defenses including requesting dismissal of the Complaint pursuant to Federal Rules of Procedure 12(b)(6), 12(b)(1) and 12(b)(3), as well as a request for sanctions pursuant to Federal Rule of Procedure 11.

[ECF #21]. Neither Wacha nor Dudley have filed a response to Selective's Motion for Default Judgment as to Raymond Wacha or to the Motion for Summary Judgment. Selective's Motion for Summary Judgment incorporates facts supported by the affidavits of Melinda Sinclair, a claims management specialist with Selective, and Jennifer Baker, the paralegal/office manager with the law firm representing Selective in this matter.

## Uncontested Facts and Procedural History

According to the allegations in the Complaint, and as admitted by Defendant Dudley in his Answer, on May 23, 2015, Raymond Wacha and Alphonso Dudley were involved in a motor vehicle collision. [ECF #1; ECF #6]. At that time, Wacha was driving a 2004 GMC truck that was a scheduled automobile under a commercial insurance policy ("Policy") issued by Selective and naming Founders National Golf, LLC[2] as the insured. [ECF # 1; ECF # 6]. The Policy has been made a part of the record and attached to the Affidavit of Ms. Sinclair as Exhibit "A." [ECF #25-2, Ex. A]. The Policy period in question was from April 22, 2015 through April 22, 2016. [ECF # 1; ECF # 6]. On March 14, 2016, Defendant Dudley filed a Complaint in the Horry County Court of Common Pleas, Civil Action Number 2016-CP-26-1796 (hereinafter, the "State Court Lawsuit"). Defendant Wacha was personally serviced with the Summons and Complaint in the underlying litigation. [ECF #1; ECF #6]. Thereafter, on August 10, 2016, the circuit judge issued an order for default judgment against Wacha, awarding $169,967.52 in damages and

---

[2] In the underlying State Court Lawsuit, Founders National Golf, LLC was not named as a defendant. However, it appears that National Golf Management, LLC was a named defendant. [ECF #25-2]. According to the allegations within the State Court Lawsuit, Wacha was an employee of an entity named National Golf Management, LLC. It does not appear that Selective disputes this fact. **The default judgment entered in the State Court Lawsuit is against Defendant Wacha only.**

2

$830,032.48 in punitive damages to Dudley. [ECF #1; ECF #6].

On that same day, counsel for Dudley sent Selective a letter via e-mail and U.S. mail provided Selective with a copy of the Order for Default Judgment and requesting that Selective immediately satisfy the judgment. [ECF #25-2, p. 36]. After receiving this letter, counsel hired to represent Wacha filed a motion requesting reconsideration of the order for default judgment. [ECF #1; ECF #6; ECF #25-2, p. 62]. On February 7, 2018, the circuit judge modified his order by vacating the award of punitive damages. [ECF #1; ECF #6]. On February 19, 2018, Selective filed this declaratory judgment action in this Court seeking a judgment declaring that the liability of Selective for the default judgment entered in the Horry County Court of Common Pleas is limited to the statutory minimum limits of $25,000.00, rather than the $169,967.52 judgment.

Within its Complaint, Selective alleges that the Policy contains a provision captioned "Duties in the Event of Accident, Claim, Suit or Loss" which provides that the insured must "[i]mmediately send copies of any request, demand, order, notice, summons, or legal paper received concerning the claim or 'suit'" as well as "[c]ooperate with us in the investigation or settlement of the claim or defense of the 'suit.'" [ECF #1]. Selective contends that Wacha breached this provision of the Policy by failing to forward the suit papers to Selective or otherwise notify Selective that he received the suit papers, and by failing to cooperate with the efforts undertaken to obtain relief from the default judgment filed in the underlying case. [ECF #1, ¶ 20]. Selective further contends Wacha's breach was material and resulted in substantial prejudice to Selective, and that as a result of this breach, Selective is entitled to a declaratory judgment declaring its liability in the State Court Lawsuit to be limited to $25,000.00, the statutory

3

minimum insurance limits under state law. [ECF #1]. Wacha has not filed an answer in this case or otherwise appeared in this litigation. On December 21, 2018, Selective filed a Motion for Default Judgment against Defendant Wacha. That same day, Selective filed a Motion for Summary Judgment. No response has been filed to the motions by either Defendant; however, Dudley filed an Answer to the Complaint.

## Discussion

### I. Motion for Default Judgment

Selective seeks a default judgment against Defendant Wacha for his failure to file a responsive pleading in the time provided under the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 12, a defendant must file his answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 4(a)(1)(A)(i). In support of its Motion, Selective states that Wacha has not responded to the Complaint, more than twenty-one (21) days has elapsed after service of the Summons and Complaint, and Wacha has failed to file any other responsive pleading in this case. In reviewing the pleadings, the Summons sent to Wacha provided notice to him that the failure to respond would result in judgment by default against him. [ECF #4]. Federal Rule of Civil Procedure 55(b) allows for entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules. *See United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

The Clerk of Court has previously entered default against Wacha. [ECF #1]. As it appears on the docket that he has filed to file an answer or otherwise provide a responsive pleading, the allegations within Selective's Complaint as to Wacha are deemed admitted. *Ryan v. Homecomings*

4

*Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, this Court finds that Selective is entitled to default judgment against Wacha. He is therefore deemed to have admitted the factual allegations within the Complaint, namely that he failed to forward the suit papers he was served within the State Court Lawsuit as required by the Policy, failed to cooperate with efforts undertaken to obtain relief from the default judgment that was entered in the State Court Lawsuit, and materially breached the applicable Policy provisions in this case, thereby causing Selective damages.

## II. Summary Judgment Motion

Selective has also filed a Motion for Summary Judgement against Defendants, requesting relief in the form of an order declaring that "the liability of Selective Insurance Company of America for the default judgment entered in the Horry County Court of Common Pleas in favor of the Defendant Alphonso Dudley and against the Defendant Raymond Wacha bearing Judgment Roll Number 2016-CP-26-1796 is limited to the statutory minimum limits of $25,000.00." [ECF #1]. The Declaratory Judgment Act is an enabling Act, conferring discretion upon the courts rather than an absolute right upon litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed.

R. Civ. P. 56(e). When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

Under South Carolina law, an insurance policy is a contract between the insured[3] and the insurance company, and the terms of the policy should be construed according to contract law. *Cook v. State Farm Auto. Ins. Co.*, 376 S.C. 426, 656 S.E.2d 784, 786 (S.C. Ct. App. 2008). In an action for a declaratory judgment, the obligation owed by an insurance company to defend and indemnify an insured is determined by the allegations pled in the complaint. *Collins Holding Corp., v. Wausau Underwriters Ins. Co.*, 379 S.C. 573, 666 S.E.2d 897, 889 (S.C. 2008). Generally, the breach of an insurance policy's notice clause automatically relieves the insurer of its obligations under the insurance contract, including the payment of proceeds due, as well as the duty to defend and the duty to indemnify. *Founders Ins. Co. v. Richard Ruth's Bar & Grill LLC*, No. 2:13-CV-03035, 2016 WL 3189213, at *6 (D.S.C. June 8, 2016). S.C. Code Ann. § 38-77-142(B) provides, "[i]f an insurer has *actual* notice of a motion for judgment or complaint having been served on an insured, the mere failure of the insured to turn the motion or complaint over

---

[3] Under the terms of the Policy, an "insured" is defined as the named insured, as well as "anyone else while using with your permission a covered 'auto' you own." [ECF #25-2, Ex. A, p. 11]. Selective does not argue that Wacha is not an insured under the Policy.

6

to the insurer may not be a defense to the insurer . . . nor in any way relieve the insurer of its obligations to the insured, *provided* the insured otherwise cooperates and in no way prejudices the insurer." (emphasis added).

Further, under South Carolina jurisprudence, "in an action affecting the rights of innocent third parties under an automobile liability insurance policy, the noncompliance by the insured with policy provisions as to notice and forwarding suit papers will not bar recovery, *unless the insurer shows* that the failure to give such notice has resulted in substantial prejudice to its rights." *Factory Mut. Ins. Liability Inc. Co. of America v. Kennedy*, 256 S.C. 376, 182 S.E.2d 727, 381 (S.C. 1971); *see generally First Sav. Bank, FSB. v. American Cas. Co. of Reading, PA, Inc.*, 985 F.2d 553, 1993 WL 27403, at *4 (4th Cir. 1992) (unpublished) (emphasis added); *Richard Ruth's Bar & Grill LLC*, 2016 WL 3189213, at *6. South Carolina has extended the "substantial prejudice" requirement to include both mandatory automobile insurance and voluntary insurance. *Berenyi, Inc. v. Landmark Ins. Co.*, No. 2:09-cv-01556-PMD, 2010 WL 233861, at *7 (D.S.C. Jan. 14, 2010) (citing *Whittington v. Ranger Ins. Co.*, 261 S.C. 582, 201 S.E.2d 620 (S.C. 1973)). South Carolina requires minimum insurance coverage of of $25,000.00 because of injury to or destruction of property of others in an accident. S.C. Code Ann. § 38-77-140.

Selective argues it is entitled to summary judgment as a matter of law that its liability in this case is limited to $25,000.00 due to Wacha's breach of the Policy by failing to notify Selective of the State Court Lawsuit and failing to cooperate with Selective at any point during the course of the underlying litigation. Dudley, the plaintiff in the underlying State Court Lawsuit, filed an Answer in this case denying many of the claims within the Complaint; however, neither

7

Dudley nor Wacha filed a response to the Motion for Summary Judgment and have not come forward with any facts or evidence to dispute the evidence brought forth by Selective in this case. Accordingly, the material facts as presented by Selective to support its Motion are uncontested, including the information contained with the affidavits of Ms. Sinclair and Ms. Baker.

Selective contends that Wacha violated the terms of the Policy by failing to notify Selective of the filing and service of the Complaint in this case, as well as failing to forward the papers that were served upon him so that Selective could provide a defense in the State Court Lawsuit.[4] Melinda Sinclair, a claims management specialist with Selective who investigated and adjusted the claims arising from this motor vehicle accident, provided an affidavit attesting to the fact that Selective did not receive actual notice of the State Court Lawsuit until after default judgment was entered. According to her affidavit, as a part of handling the claims associated with this motor vehicle accident, she had multiple communications with the attorneys and staff who represented Dudley. [ECF #25-2, Aff. of Melinda Sinclair, ¶ 5]. However, it was not until August 10, 2016, when Ms. Sinclair received a letter from Dudley's counsel, that Selective was first notified that Dudley had filed a Summons and Complaint in state court, that Wacha had failed to answer the complaint, and that Wacha was held in default. [Sinclair Aff., ¶¶ 6-7]. A copy of this letter is attached to Ms. Sinclair's affidavit as Exhibit "C." [ECF #25-2, Ex. C]. Ms. Sinclair further states that nobody, including Wacha, reported or indicated to Selective that a Summons and Complaint had been filed. [Sinclair Aff., ¶ 8]. Dudley's counsel did not provide a courtesy copy of the

---

[4] As alleged within its Complaint and deemed admitted by virtue of the default judgment entered against Wacha previously in this Order, Wacha admits that he failed to adhere to the notice provisions and materially breached the Policy, resulting in damage to Selective.

8

documents to Ms. Sinclair or anyone associated with Selective. [Sinclair Aff., ¶ 9]. Ms. Sinclair thus states that Selective was not provided notice of the filing of the lawsuit, the motion for default judgment, or the hearing on the motion for default judgment until August 10, 2016.

Once Selective became aware of the outstanding default judgment, Selective made numerous attempts to contact Wacha for assistance in contesting the judgment, however Wacha was uncooperative. [Sinclair Aff., ¶ 15]. Selective also contacted Dudley's attorney to request a copy of the Complaint, as well as proof of service; however, Dudley's attorney did not provide the documents. [Sinclair Aff., ¶ 10]. Selective immediately retained counsel and sent a reservation of rights letter to Wacha. [Sinclair Aff., ¶ 16]. On August 19, 2016, counsel for Selective sent a letter to Dudley's counsel explaining that Selective's insured never provided notice of the State Court Lawsuit, nor was National Golf Management, LLC, another defendant in the underlying lawsuit, ever served. [ECF #25-3, Ex. A]. The letter, attached to Ms. Baker's affidavit, further requested that Dudley voluntarily vacate the default judgment in exchange for Selective providing a defense on behalf of Wacha and mediate the case; however, counsel for Dudley declined this course of action. [ECF #25-3, Ex. A; ECF #25-3, Ex. B]. At a subsequent hearing, the default judgment was eventually modified to strike the punitive damages; however, the actual damages award remains intact. [Sinclair Aff., ¶ 17; ECF #25-2, Ex. J.]

Based upon these undisputed facts, Selective argues that it did not have actual notice of the filing and service of the Complaint until Dudley's counsel sent a letter requesting Selective pay the judgment ordered against its insured on August 10, 2016. By this time, the judge in the State Court Lawsuit had already entered judgment against Wacha. Ms. Sinclair's affidavit attesting

9

to the fact that this was the first notice received by Selective of the Summons and Complaint is uncontroverted. There is no evidence within the record that Wacha or anyone else provided notice to Selective. *See Richard Ruth's Bar & Grill LLC*, 2016 WL 3189213, at 13 (finding that an insurer did not receive timely notice of a lawsuit where an insurer was notified of a claim at entry of default). Accordingly, Selective has established that it did not receive actual notice of the state court lawsuit or the fact that a judge ordered a default judgment against its insured until after such time that default judgment was entered.

Selective further argues that the failure to receive actual notice of the state court lawsuit has resulted in substantial prejudice to its rights. Selective argues that it suffered from substantial prejudice because it lost the ability to contest liability or otherwise defend against an award of damages in the state court lawsuit. Moreover, Selective argues that the failure to receive actual notice of the lawsuit resulted in a deprivation of its constitutional right to a trial by jury. South Carolina courts have held that prejudice is established when a default judgment has been entered against the insured. *Merit Ins. Co. v. Koza*, 274 S.C. 362, 264 S.E.2d 146, 147 (S.C. 1980); *see Founders Ins. Co. v. Richard Ruth's Bar & Grill LLC*, 2016 WL 3189213, at *12 (D.S.C. June 8, 2016) (acknowledging that prejudice is established by the entry of default judgment against an insured). Here, Wacha is deemed to have admitted that his failure to notify Selective of the lawsuit caused substantial prejudice to Selective. Further, Selective has shown by affidavit testimony that a default judgment was entered against its insured without Selective's knowledge. Selective was deprived of the opportunity to investigate the claim, defend the claim, assert defenses, or mediate this case. *See Richard Ruth's Bar & Grill LLC*, 2016 WL 3189213, at *13.

Selective has previously established, and this Court has found Wacha in default, thereby admitting to breaching the terms of the Policy in question. No genuine issue of material fact exists as to whether Wacha violated the terms of the Policy by failing to notify Selective of the underlying litigation. Selective has therefore established that it did not receive actual notice of the pending litigation as contemplated under S.C. Code Ann. § 38-77-142(B). Selective has also established that default judgment was entered against Selective in the underlying State Court Lawsuit without Selective having notice, and as a result, Selective has thereby suffered substantial prejudice. Thus, there is no genuine issue of material fact as to whether Selective suffered substantial prejudice in the failure to receive actual notice of the state court lawsuit until after default judgment was entered against it in the state court lawsuit. In applying South Carolina law and the applicable contract language in question, because of this breach of the Policy by Wacha, Selective is relieved of its obligations under the Policy to pay the limits contemplated therein as to Wacha. This Court grants summary judgment in this declaratory judgment action in favor of Selective.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings and motions filed in this case. For the reasons stated above, Plaintiff's Motion for Default Judgment [ECF #24] as to Wacha is **GRANTED**. Plaintiff's Motion for Summary Judgment [ECF #25] is **GRANTED.** Selective is entitled to a declaration that the liability of Selective Insurance Company of America for the applicable Policy is capped at $25,000.00 with respect to the state court judgment entered against Wacha only.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 4, 2019  R. Bryan Harwell
 United States District Judge